Peterson v. Martin.

---

ANDERS O. PETERSON V. HAMILTON MARTIN.

FILED OCTOBER 3, 1900.   No. 9,268.

1. **Error:** PARTIES: PRIVIES: PETITION IN ERROR. Only parties to a judgment, or their privies, can successfully prosecute a petition in error.

41

2. **Finding: Conflicting Evidence.** A finding based on evidence fairly conflicting will not be disturbed on review.

3. **Reversal: Witness: Improper Question: Permission to Answer: Error.** A reversal can not be based upon the permitting of a witness to answer an improper question where the answer was not unfavorable to the complaining party.

Error to the district court for Douglas county. Tried below before Scott, J. *Affirmed.*

*Jefferis & Crawford* and *W. B. Comstock,* for plaintiff in error.

*J. L. Kaley, contra.*

Norval, C. J.

Hamilton Martin sued Andrew O. Peterson to recover commissions for the sale of certain real estate situate in the city of Omaha alleged to have been earned under a specific contract of employment. The answer denies the making of the contract set forth in the petition, and avers that plaintiff was the agent of one Cameron, the purchaser of the property, and employed by him to effect the purchase and sale, and defendant contended that said Cameron alone was to pay plaintiff his commissions in the transactions. The reply consisted of a general denial of the averments of the answer. Plaintiff recovered a verdict and judgment, and to obtain a reversal thereof, Anders O. Peterson has prosecuted error proceeding. The petition in error very properly might be dismissed, because by it there is sought to be reviewed no judgment or final order rendered against Anders O. Peterson, the plaintiff in error, but judgment obtained against Andrew O. Peterson only is by this proceeding asked to be reversed. It is firmly settled that only parties to a judgment, or their privies, can prosecute error proceeding. *Burlington & M. R. R. Co. v. Martin,* 47 Nebr., 56. Inasmuch as a decision adverse to plaintiff in error

can not be avoided when the case is considered on its merits, we shall adopt that method in disposing of the cause.

It is first urged that the verdict is without evidence to support it, because the existence of a specific contract of employment and for payment of commission was not established upon the trial. In the brief of plaintiff in error is set out portions of the testimony of plaintiff below, which testimony alone may be insufficient to support the finding of the jury, but, when taken in connection with the evidence adduced on the trial and contained in the bill of exceptions, was sufficient to make out the case of plaintiff in the lower court. Not only are the proofs sufficient to establish that Martin sold Peterson the property, but that the authority was by express contract conferred upon the latter to make the sale for a stipulated commission, and that Peterson, after the sale was effected, agreed to pay the commissions which had been earned. It is a fact that the defendant introduced ample evidence to sustain his defense that there was no express contract of employment; but that is no reason for disturbing the verdict. That a finding based upon conflicting evidence will not be disturbed on review, is a familiar rule, often invoked by litigants and applied by this and other courts.

Two assignments of error relating to the rulings of the district court on the admission of testimony, having been waived in the briefs of plaintiff in error, will not be noticed.

Edward T. Peterson was called and examined as a witness by the defendant. On cross-examination he was asked, "Were you present at his place of business during the month of December, 1894, near the corner of 14th and Nicholas streets in this city, and in conversation with him there, in the presence of Mr. Monroe, say these words, or, in substance, that 'We don't deny owing Mr. Martin'— meaning the plaintiff in this case—'a commission for the making of the sale of the house and lot,' in controversy in this case?" It is argued that there was reversible

error in permitting this question to be answered over the objections of the defendant, since the witness was not a party to the suit, and no statement or admission made by him could bind the defendant in any way. A short answer to this is that the answer of the witness to the question was favorable to the party calling him.

No reversible error appearing of record, the judgment is

AFFIRMED.